**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TALEY ABBASOV,**
Petitioner,

v. Civil Action No. **3:26CV162 (RCY)**

**PAUL G. PERRY, *et al.*,**
Respondents.

## MEMORANDUM OPINION

Taley Abbasov ("Petitioner"), acting through counsel, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, the Court will grant the Petition on the ground that Petitioner's continued detention without an individualized bond hearing is unlawful.

## I. BACKGROUND

Petitioner, a citizen of Azerbaijan, entered this country using the CBP One Application process in June of 2024. Pet. ¶ 1. Notwithstanding an initial determination of inadmissibility, *see* Pet. Ex. 1 ("Notice to Appear"), ECF No. 1-1; Resp'ts' Opp'n Ex. 1 ("Byrne Decl.") ¶¶ 7–8, ECF No. 6-1, Petitioner was inspected and released into the United States, whereupon he established a residence in Alexandria, Virginia, and he applied for asylum in September of 2024. Pet. ¶ 1. On August 22, 2025, while Petitioner was outside of his residential building, ICE officers called him by name, in response to which Petitioner voluntarily approached them. *Id.* ¶ 2. During the ensuing encounter, the ICE officers "positively identified [Petitioner] and determined [he did] not have any lawful status." Byrne Decl. ¶ 9. ICE consequently placed Petitioner under arrest and took him

into custody. Pet. ¶ 2. He has been detained without a bond hearing at Caroline Detention Facility since that time. *Id.*

On December 5, 2025, Petitioner was issued an Order of Removal by the Annandale Immigration Court. *Id.* ¶ 3. Petitioner has appealed that Order, and the appeal remains pending with the Board of Immigration Appeals. *Id.*; *see also* EOIR Automated Case Information, A-Number 244-528-428, *available at* https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 23, 2026). Accordingly, Petitioner is not subject to an administratively final Order of Removal. *Id.*

Petitioner, through counsel, filed the instant Petition seeking habeas relief based on his denial of an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); his prolonged detention without adequate due process, to include a hearing where the government bears the burden to justify its continued detention of Petitioner; and his continued detention in medically dangerous and otherwise punitive conditions of confinement. *See generally* Pet. Respondents oppose habeas relief, arguing that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) due to the fact that he has neither been admitted nor has "effected entry" into the United States, as admission by parole does not equate legal entry. Resp'ts' Opp'n 1–2, ECF No. 6. Petitioner's Reply rejects this interpretation of the governing statutes, arguing that it "collapses the statutory distinction Congress drew between inspection at entry (§ 1225) and detention during proceedings (§ 1226). Reply 3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 286–89 (2018)).

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A). Petitioner contends, *inter alia*, that § 1226(a) of the Immigration and Nationality Act ("INA") entitles him to a bond hearing. In opposition, Respondents assert that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions because, as a parolee, Petitioner remains suspended as an "applicant for admission" still "deemed 'as if stopped at the border.'" *See* Resp'ts' Opp'n 16 (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020)). This Court does not find that position to be persuasive.

The Court acknowledges the Government's lawful ability to detain noncitizens pending the outcome of removal proceedings. However, the Court observes that this ability is not unlimited. The question before the Court is whether noncitizens who were previously paroled in this Country and who are subsequently detained within its borders purely on the basis of having no lawful status are entitled to a bond hearing. As clearly articulated by the Supreme Court in *Jennings v. Rodriguez*, "Section 1226 generally governs the process of arresting and detaining [aliens who are already inside the United States] pending their removal." 583 U.S. 281, 288 (2018). And as the Fourth Circuit recently noted, "Section 1226 provides that, in the case of a noncitizen arrested and detained within the United States, 'an alien may [be] release[d]' on 'bond.'" *Lopez Garcia v. Guadian*, 190 F.4th 305, 316 (4th Cir. 2026) (alterations in original) (quoting 8 U.S.C. § 1226(a)).

Respondents rely on language from *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020) for the proposition that noncitizens paroled into the country are forever legally trapped in amber, frozen "on the threshold" of the country, but never within it. Resp'ts' Opp'n 16. But this Court and others have rejected this "legal fiction" as applied to a noncitizen's right to a bond hearing when they are arrested within the United States. As United States District Judge Mark S. Davis wrote in *Gomez Villalobos v. Crawford*, 2026 WL 1165576 (E.D. Va. Apr. 29 2026),

> [A]lthough controlling precedent clearly establishes that the legal fiction of non-presence as applicable to **admission rights** can continue for several years, *Thuraissigiam*, 591 U.S. at 139, some district courts have concluded that *Thuraissigiam* does not directly address whether this fiction extends to the right to be free from **detention** without the minimal process of a detention hearing. *See Torres v. Hermosillo*, No. 2:25cv2687, 2026 WL 145715, at *4 (W.D. Wash. Jan. 20, 2026) (explaining that the "entry fiction applied by the Supreme Court in *Thuraissigiam* applied only to noncitizens' rights regarding **admission** and that "the Supreme Court has never applied the entry fiction doctrine . . . to constitutionally justify the **detention** of a person living freely, for years, within the United States" (citations omitted)).

2026 WL 1165576, at *11 (emphasis in original). The Court finds that the Fourth Circuit's recent decision in *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026), supports the adoption of Judge Davis's reasoning and the rejection of Respondents' position, here. Therein, the Fourth Circuit squarely rejected the Government's theory that lawful entry, rather than physical presence, controls the § 1225(b)–versus–§ 1226(a) analysis for noncitizens arrested within the borders of this country. 190 F.4th at 328 ("Lawful status and admission are thus 'distinct concepts in immigration law.'" (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021))). And while *Lopez Garcia* involved individuals who had entered the United States without inspection or admission, rather than individuals who were paroled into the country, the Court nevertheless finds the Fourth Circuit's holding to squarely apply: "Section 1226, not Section 1225, applies to noncitizens who

. . . have been present in the United States for years *regardless of how they entered our country*." 190 F.4th at 318 (emphasis added).[1]

Accordingly, in line with its prior decisions when faced with habeas petitioners previously paroled into the country, the Court agrees with Judge Davis that "Petitioner is not subject to the entry fiction despite his previous parole into the United States," at least insofar as his rights with respect to detention and the opportunity for a bond hearing are concerned. *Gomez Villalobos*, 2026 WL 1165576, at *5 (E.D. Va. Apr. 29 2026) (quoting *Rodriguez v. Fields*, No. CV 26-117, 2026 WL 1078101, at *11 (E.D. Ky. Apr. 21, 2026)); *accord Escalona v. Noem*, No. 2:26cv769, 2026 WL 885025, at *1 (M.D. Fla. Apr. 1, 2026) (explaining that "[a]pplying § 1225(b)(2) to noncitizens years after they were paroled into the country does not comport with the policy justification for treating noncitizens [already present] in the country differently than those seeking entry"). The Court therefore embraces the holding of *Lopez Garcia* and finds that Petitioner's ongoing detention without access to a bond hearing is unlawful.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2241 Petition, ECF No. 1, will be GRANTED. The Court will order Respondent to provide Petitioner with a standard § 1226(a) bond hearing before an Immigration Judge.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 25, 2026
Richmond, Virginia

[1] The Court independently observes that it would be absurd to find that 8 U.S.C. § 1226(a) bestows greater procedural protection—i.e., access to a bond hearing—upon individuals who sneak into the country, while denying such protection to individuals like petitioner who present themselves formally, enter by way of the designated place and manner and, other than perhaps overstaying their admission, otherwise comply with the rules for lawful admission.